IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARTHA FYE, | Civil Action |
| Plaintiff, | No.   2:22-cv-763 |
| v. | |
| SWEET BASIL, LLC | |
| Defendant. | JURY TRIAL DEMANDED |

## CIVIL COMPLAINT

Plaintiff, Martha Fye, by undersigned counsel, files this Civil Complaint and in support states the following:

### I. Jurisdiction

1. The jurisdiction of this Court is invoked pursuant to Section 7 of the Age Discrimination in Employment Act, 29 U.S.C. §626(c)(1); 28 U.S.C. §§1331 and 1343(a)(4).

2. Plaintiff has satisfied all procedural and administrative requirements set forth in 29 U.S.C. §626 in that:

   a. On December 21, 2021 Plaintiff filed a timely charge alleging age discrimination with the Equal Employment Opportunity Commission (EEOC) and cross filed with the Pennsylvania Human Relations Commission;

   b. Plaintiff received a Right to Sue Notice from the EEOC on April 28, 2022;

   c. This action is filed with this Court within 90 days of receipt of that notice.

### II. The Parties

3. Plaintiff, Martha Fye is an adult individual who resides at 150 PA-899, Clarington, Jefferson County, PA 15828. She is 61 years old.

4. Defendant, Sweet Basil, LLC, is a corporation with its principal place of business at 21108 Paint Boulevard, Shippenville, Clarion County, PA 16254.

5. At all times relevant to this case, Defendant was an employer within the meaning of the Age Discrimination in Employment Act, 29 U.S.C. §630(b).

6. At all times relevant to this case, Defendant acted or failed to act by and through its duly authorized agents, servants and employees, who conducted themselves within the scope and course of their employment.

### III. Factual Background

7. Fye worked for Defendant from July 25, 2012 until October 18, 2021. She last held the positions of General Manager and Waitress.

8. In early September 2021, Jason Conley, the owner, suggested that Fye choose to either be a waitress or a General Manager, not both. At that time, Conley also offered to double Fye's wage benefit.

9. On October 11, Conley approached Fye again about her position, this time visiting her home and again offering to double Fye's wage and wanted to know what wage it would take for Fye to be a manager. Conley explained that "because of your age, this might be better" and that "John is the future, Martha is the past."

10. Conley returned to Fye's home the next day, insisting she choose between the two positions but without the offer of a higher wage.

11. On October 14, Conley demoted Fye to a waitress position, removing her as a General Manager.

12. Fye was replaced by John, a significantly younger employee with less experience, who previously worked as kitchen manager.

13. Fye told Conley "you know this is discrimination" and he replied, "yes, yes I guess it is." Fye was the oldest full-time employee at the restaurant.

14. Defendant terminated Fye on October 18, 2021 without being provided with a reason.

15. When Fye asked Conley why she was terminated, he said that six employees complained about her.

16. Fye had never been written up or had any prior performance issues.

17. Conley told Fye she could not return to the restaurant or communicate with anyone at the restaurant.

18. Conley also told Fye that the employees lacked respect for her because she was too old school in her management ways to be able to relate to the changing ways of the younger generation.

## Count I
## ADEA

19. Plaintiff incorporates by reference the allegations in paragraphs 1 through 18 as if fully restated herein.

20. Defendant fired Fye because of her age, in violation of the Age Discrimination in Employment Act, 29 U.S.C. §623(a)(1).

21. Defendant's violation of the ADEA was willful.

WHEREFORE, Fye demands judgment as follows:

    a. That Defendant be ordered to reinstate Plaintiff into the position she occupied prior to Defendant's discriminatory actions, together with all benefits incident thereto, including, but not limited to wages, benefits, training and seniority;

    b. That Defendant be required to compensate Plaintiff for the full value of wages she would have received had it not been for Defendant's illegal

       treatment of Plaintiff, with interest until the date Plaintiff is offered employment into a position substantially equivalent to the one which Plaintiff occupied at the time of her termination;

c. That Defendant be required to reinstate Plaintiff's pension standing, including an uninterrupted reinstatement of her seniority and vesting;

d. That Defendant be required to provide Plaintiff with front pay in the event reinstatement is not feasible;

e. That Defendant be required to compensate Plaintiff for lost benefits, including profit sharing and/or pension benefits until Plaintiff's normal retirement date;

f. That a final judgment in favor of Plaintiff and against Defendant be entered for liquidated damages in an amount equal to the amount of wages due and owing Plaintiff as provided by 29 U.S.C. §§626(b) and 216(b);

g. That Defendant be enjoined from discriminating against Plaintiff in any manner that violates the ADEA;

h. That Plaintiff be awarded against Defendant the costs and expenses of this litigation and a reasonable attorney fee; and

i. That Plaintiff be granted such further legal and equitable relief as the Court may deem just and proper.

       Respectfully submitted,

       **Edgar Snyder & Associates**

       /s/ *John E. Black, III*
       John E. Black, III
       PA.I.D. No. 83727
       US Steel Tower, 10th Floor
       600 Grant Street
       Pittsburgh, PA 15219
       (412) 394-4446
       jblack@edgarsnyder.com

       Attorney for Plaintiff